CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

December 16, 2025

Laura A. Austin, Clerk
BY: /s/ K. Lokey
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| MICHAEL REDWINE, | CASE NO. 3:25-CV-00029 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

Plaintiff Michael Redwine claims Defendant Unum Life Insurance Company of America ("Unum") violated the Employment Retirement Income Security Act ("ERISA") when it denied him long-term disability benefits. 29 U.S.C. § 1001, *et seq.*; Dkt. 1.[1] Unum moves to dismiss the complaint for failure to state a claim. Dkt. 10. The Court will grant the motion because UVA, Redwine's employer, is exempt from ERISA.[2]

The facts alleged in Redwine's complaint must be accepted as true for the purposes of a motion to dismiss. Dkt. 1; *see King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Redwine was employed by the University of Virginia ("UVA") beginning in 2007; he moved to a job at UVA's Medical Center ("Medical Center") in January 2022. Dkt. 1 ¶ 6. In February 2022, he contracted COVID-19 and developed "long COVID" which "significantly

---

[1] Redwine made several filings which lack page, paragraph, or exhibit numbers. Therefore, his page numbers are cited based on the identifications affixed by the docketing system to the top of each page.

[2] The Court will grant Redwine's motion for leave to file a surreply and will consider the surreply in resolving the motion to dismiss. Dkt. 18. The Court will deny Redwine's motion to file newly discovered evidence because he fails to offer any new evidence that has not already been considered by the Court. Dkt. 23.

impaired his ability to work." *Id.* ¶ 7. He was later diagnosed with "severe depression, anxiety,

PTSD, and agoraphobia," which further interfered with his employment. *Id.* ¶ 8. Therefore, he

applied for short-term and long-term disability benefits "through Unum, the administrator and

insurer for UVA's group [long-term disability] policy."[3] *Id.* ¶ 9. Unum initially approved short-

term disability payments but later denied his application for long-term disability benefits. *Id.* ¶

11. He alleges that, "as a direct result of Unum's denial" he "lost his home, vehicle, and

retirement savings." *Id.* ¶ 18. He further alleges he "has exhausted all administrative remedies

required under the Plan and ERISA, and this matter is ripe for judicial review." *Id.* ¶ 19.

<u>ARGUMENT</u>

**Redwine's ERISA Claim Fails Because the Medical Center's Employee Benefits Plan Is a "Governmental Plan" Exempt from ERISA's Coverage**

Unum claims that ERISA's provisions do not apply to the Plan because it is a

"governmental plan" specifically exempt from ERISA's coverage. Dkt. 11 at 2. The Court agrees.

ERISA was designed "to promote the interests of employees and their beneficiaries in

employee benefit plans." *Shawn v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). ERISA's

provisions, however, do not apply "to any employee benefit plan if . . . such plan is a

governmental plan[.]" 29 U.S.C.A. § 1003(b)(1). A governmental plan is defined as "a plan

established or maintained for its employees by . . . the government of any State or political

subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C.A. §

1002(32).

Here, there is no question that UVA established and maintained the Plan for its

employees' benefit. Redwine expressly alleges that he was an employee of UVA and that he

participated in a benefit plan "sponsored by the University of Virginia." Dkt. ¶¶ 5,6. Indeed, the

---

3       Hereinafter referred to as "the Plan."

2

Plan specifically provides that it was issued to "The Rector and Visitors of the University of Virginia on behalf of its Medical Center" and "provides financial protection for [employees] by paying a portion of [their] income while [they] are disabled." Dkt. 13-5 at 2, 6.

Thus, in order to determine whether the Plan is a "governmental plan," the only issue to be decided is whether UVA and its Medical Center are "agenc[ies] or instrumentalit[ies]" of the Commonwealth of Virginia. 29 U.S.C.A. § 1002(32). They undisputedly are. *See Jones v. Commonwealth*, 591 S.E.2d 72, 76 (Va. 2004) ("The University is a governmental entity. Its powers and duties, exercised by the Rector and Visitors of the University, are created by statute and are controlled by the General Assembly."); *James v. Jane*, 282 S.E.2d 864, 865 (Va. 1980) ("The President of the University has ultimate responsibility to the Rector and Board of Visitors, *as agency of the Commonwealth of Virginia*.") (emphasis added). *See also Hall v. Roberts*, 548 F. Supp. 498, 500-01 (W.D. Va. 1982) ("[I]t is undisputed that the University of Virginia's Medical Center" is an "organ of the state."). Thus, because UVA established and maintained the Plan, and because both UVA and its Medical Center are agencies of the Commonwealth, the Plan is a governmental plan, exempt from ERISA's coverage.

Redwine attempts to salvage his claim by arguing that: (i) "[i]f the plan were truly exempt, Unum should have disclosed that from the outset"; (ii) because "Unum administered and paid [disability] benefits under a policy that referenced ERISA [and] applied ERISA procedures," the plan should not be exempt from ERISA's coverage; and (iii) because "Unum— not UVA—maintained and administered the plan," the plan is not a governmental plan. Dkt. 13 at 3; Dkt. 18-1. These arguments lack merit.

First, the statute does not require that a plan specify whether it is exempt from ERISA's coverage. *See generally* 29 U.S.C. § 1001, *et seq.* Redwine's assertion that the Plan "should have

disclosed" its exempt status does not create a legal duty for it to do so. Second, the plan's purported "reference" to ERISA directly contemplates that ERISA might not apply to all plans and plan-holders. ("The [Plan] is delivered in and is governed by the laws of the governing jurisdiction and *to the extent applicable* by [ERISA] and any amendments.") (emphasis added). Dkt. 13-5 at 4.

Finally, Redwine is incorrect in his assertion that the Plan is not a "governmental plan" because "Unum—not UVA—maintained and administered the plan." Dkt. 18-1 at 3. The salient question is whether UVA "established and maintained" the Plan for its employees. A private insurers' involvement as the plan's administrator, does not impact a plan's status if it is established and maintained by an "agency or instrumentality" of a state. 29 U.S.C.A. § 1002(32). *See Rowe v. Rector & Visitors of the University of Virginia*, 2007 WL 315803, *5, *6 (W.D. Va. Jan. 30, 2007) (finding that a plan established and maintained by UVA was a governmental plan even when administered by a private insurer); *Fromm v. Principal Health Care of Iowa, Inc.*, 244 F.3d, 652, 653 ( 8th Cir. 2001) (holding that where a city had established and maintained a plan for its employees, it was deemed a governmental plan despite a private company's administration). Indeed, UVA established and maintained the plan because: (i) "The Rector and Visitors of the University of Virginia" issued the plan "on behalf of its Medical Center"; (ii) the plan provided "financial protection" for all "part-time salaried employees and full-time salaried employees . . . in active employment in the United States with the [University]"; and (iii) UVA paid for the plan. Dkt. 13-5 at 2, 6; Dkt. 18-2 at 2.[4],[5]

---

[4]  Indeed, Redwine concedes that the Plan was "sponsored by the University of Virginia." Dkt. 1 ¶ 5.
[5]  The Court rejects Redwine's argument that the "applicability of the governmental plan exemption is . . . a fact-intensive question" that cannot be resolved at the Rule 12(b)(6) stage." Dkt. 18-1 at 3. To support this argument, Redwine relies on *McBeth v. Metro Life Ins. Co.*, 2006 WL 2792439 (E.D. Va. Sept. 26, 2006), stating that the status of a governmental plan "turns on factual development, including how the plan was funded and administered." The Court has been unable to locate this case on research databases, and as he admits in his proposed sur-reply, this case

Because the Court finds that the Plan is a governmental plan, ERISA is not implicated;

and because Redwine's only cause of action is an ERISA violation, the Court must grant Unum's

motion to dismiss. Unum considered Redwine's claim on its merits and denied his claim because

he did not meet the criteria for the long-term benefits he sought.

<h4 align="center">CONCLUSION</h4>

For the above-stated reasons, Defendant's Motion to Dismiss will be **GRANTED** in an

accompanying order. Dkt. 10.

The Clerk's office is hereby directed to send a copy of this memorandum opinion to all

counsel of record.

Entered this the 16th day of December, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

does not exist and was generated by "AI tools." Dkt. 18-1 at 1. As such, Redwine's assertion that this issue cannot be
resolved at this stage is unsupported by caselaw.